7IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

| | |
|---|---|
| MATTESON HOSPITALITY REAL ESTATE, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 15 C 10390 |
| | ) |
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM ORDER

This action has just presented an extraordinary -- and really impermissible -- situation to this Court. Suit was originally filed just over nine months ago (on November 18, 2015), after which this Court followed its customary practice of allowing a fair amount of leeway for plaintiff's counsel to provide this Court's chambers with a paper "courtesy copy," as required by this District Court's LR 5.2(f).[1]

Accordingly this Court waited two weeks (until December 2) before it entered the type of order that it considers called for when no "courtesy copy" has been delivered during that more extended time period -- an order that required delivery forthwith and imposed a $100 fine for violation of the LR. And then total silence ensued. This Court's even-numbered law clerk was then forced to engage in periodic follow-up efforts with plaintiff's counsel, with a total lack of

---

[1] This Court recognizes, of course, that the one working day timetable set up by that LR is too short when the pleading involved is a complaint, as to which its author necessarily has no advance knowledge of the identity of the judge to whom the computerized assignment system will deliver the case.

success until -- mirabile dictu!! -- a hand-delivered copy of the Complaint together with a check for $100 came to this Court's chambers with a brief letter that began "[m]y apologies for the delay" !!

Such neglect is truly intolerable. Moreover, the docket entry for the original filing back in November 2015 stated that the Complaint was filed "without Exhibits, which due to size shall be filed separately." Yet that was never done, so that Exhibits A - G, comprising two insurance policies, some photographs, two reports and a Statement in Proof of Loss has not even now been tendered to the Clerk's Office.

Astonishingly, what appears to be at issue is a claimed loss of $2,774,157.65 (Complaint ¶ 25), so that counsel's neglect is doubly mystifying. It is difficult to know just how to address this procedural wreck adequately, but unless some adequate explanation is provided swiftly a dismissal for want of prosecution on August 1, 2016 would appear to be in order.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 25, 2016